UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARIN MERTZ,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>LTC OF AUSTIN COUNTY III, LLC,<br>d/b/a BRIARWOOD MANOR<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT<br>TO FED. R. CIV. P. 23(b)(3) |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Darin Mertz ("Mertz" or "Plaintiff") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for LTC of Austin County III, LLC d/b/a Briarwood Manor (hereinafter "Briarwood" or "Defendant"), anywhere in Texas, at any time from March 3, 2018 through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees, and costs, pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201, *et seq.*, and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his state-law claims are asserted as a class action under Federal Rule of Civil Procedure 23 ("Rule 23"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a Rule 23 class action

pursuant to the law of the State of Texas to recover unpaid straight time wages and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated non-exempt hourly employees who have worked for Briarwood in its retirement communities throughout Texas during the relevant statutes of limitations and have not been paid for all hours worked or the proper amount of overtime in violation of state and federal law.

3. Specifically, Briarwood has enforced a uniform company-wide policy wherein it systematically reduced the hours of its non-exempt hourly employees—Plaintiff and the Putative Class Members—causing them to perform work off-the-clock and without pay.

4. Briarwood's illegal company-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half times their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Briarwood knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29

U.S.C. § 216(b), and to recover all unpaid strait time and other damages owed under their Texas state-law claim as a Rule 23 class action.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Mertz be named as the Class Representative for the Texas Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Darin Mertz ("Mertz") was employed by Briarwood during the relevant time period. Plaintiff Mertz did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former non-exempt hourly employees who were employed by Briarwood anywhere in Texas, at any time from March 29, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mertz worked and was paid.

13. The Texas Common-Law Class Members are those current and former non-exempt hourly employees who were employed by Briarwood in the State of Texas, at any time from March 29, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Mertz worked and was paid.

14. Defendant LTC of Austin County III, LLC d/b/a Briarwood Manor ("Briarwood" or "Defendant") is a domestic limited liability company, licensed to and doing business in Texas, and can

---

[1] The written consent of Darin Mertz is hereby attached as Exhibit "A."

be served with process through its registered agent: **Celina Charania Shariff, 10516 Kipp Way, Suite D, Houston, Texas 77099.**

## III.
## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Briarwood because the cause of action arose within this District as a result of Briarwood's conduct within this District and Division.

18. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Briarwood has maintained a working presence throughout this District and Division, and Plaintiff Mertz performed work for Briarwood in Austin County, Texas, which is within this District and Division.

20. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. Briarwood Manor is "a licensed long term care nursing facility" located in Bellville, Texas that provides long-term care to "residents who are elderly or medically challenged."[2]

22. Plaintiff and the Putative Class Members' job duties consisted of providing care for Briarwood's residents, through direct nursing care or providing janitorial or culinary support.

---

[2] http://briarwoodmanorcare.com

23. Plaintiff Mertz was employed by Briarwood as a dietary cook from December 1, 2019 until March 2, 2021.

24. Plaintiff and the Putative Class Members are non-exempt employees that were (and continue to be) paid by the hour. Specifically, Plaintiff Mertz was paid $13.25 per hour for his work as a dietary cook.

25. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per workweek, but were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

26. Nor were Plaintiff and the Putative Class Members paid for all hours worked.

27. When calculating Plaintiff and the Putative Class Members' hours each pay period, Briarwood systematically deducted (and continues to deduct) time from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA and Texas common law.

28. Moreover, Plaintiff Mertz was regularly required to work on his scheduled days off all while off-the-clock, and was only rarely permitted to submit time worked outside of his scheduled hours.

29. Briarwood intentionally deducted hours worked from Plaintiff and the Putative Class Members in order to not pay the full and correct amount of overtime.

30. Briarwood's systematic deduction of time from Plaintiff and the Putative Class Members' hours worked for breaks they were unable to fully utilize caused Plaintiff and the Putative Class Members to work hours for which they were (and are) not compensated in violation of the FLSA and Texas common law.

31. As a result of Briarwood's company-wide policy and practice of intentionally deducting hours worked, and refusing to allow for the submission of all time worked, Plaintiff and the Putative

Class Members have not been compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA and Texas common law.

32. Briarwood has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

33. Briarwood is aware of its obligation to pay for all hours worked and to pay the proper amount of overtime for all hours worked over forty (40) each week, but has failed to do so.

34. Because Briarwood did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Briarwood's pay policies and practices violate the FLSA.

35. Because Briarwood did not pay Plaintiff and the Putative Class Members for all hours they worked on behalf of Briarwood, Briarwood's pay policies and practices also violate Texas common law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA COVERAGE**

36. Plaintiff and the Putative Class Members incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

37. The FLSA Collective is defined as:

**ALL NON-EXEMPT HOURLY EMPLOYEES WHO WERE EMPLOYED BY LTC OF AUSTIN COUNTY III, LLC d/b/a BRIARWOOD MANOR IN TEXAS, AT ANY TIME FROM MARCH 29, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

38. At all times hereinafter mentioned, Briarwood has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

39. At all times hereinafter mentioned, Briarwood has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

40. At all times hereinafter mentioned, Briarwood has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(B), in that said enterprise is an institution engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, and in that said enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

41. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Briarwood, these individuals provided services for Briarwood that involved interstate commerce for purposes of the FLSA.

42. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

43. Specifically, Plaintiff and the FLSA Collective Members have been non-exempt employees of Briarwood who assisted individuals who, in some instances, were out-of-state residents at the facilities in question and were responsible for obtaining and handling perishable and non-perishable goods that traveled in the stream of interstate commerce. 29 U.S.C. § 203.

44. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

45. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 37.

46. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Briarwood.

**B.  FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

47. Briarwood violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–07, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

48. Moreover, Briarwood knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

49. Briarwood knew or should have known its pay practices were (and are) in violation of the FLSA.

50. Briarwood is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

51. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Briarwood to pay overtime in accordance with the law.

52. The decision and practice by Briarwood to not pay overtime was neither reasonable nor in good faith.

53. Accordingly, Plaintiff and the FLSA Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount

equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

54. All previous paragraphs are incorporated as though fully set forth herein.

55. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Briarwood's employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

56. Other similarly situated employees have been victimized by Briarwood's patterns, practices, and policies, which are in willful violation of the FLSA.

57. The FLSA Collective Members are defined in Paragraph 37.

58. Briarwood's failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of Briarwood and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

59. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

60. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

61. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

62. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

63.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Briarwood will retain the proceeds of its rampant violations.

64.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

65.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 37 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A.     VIOLATIONS OF TEXAS COMMON LAW**

66.     All previous paragraphs are incorporated as though fully set forth herein.

67.     Plaintiff Mertz further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

68.     The Texas Common-Law Class is defined as:

**ALL NON-EXEMPT HOURLY EMPLOYEES WHO WERE EMPLOYED BY LTC OF AUSTIN COUNTY III, LLC d/b/a BRIARWOOD MANOR IN THE STATE OF TEXAS AT ANY TIME FROM MARCH 29, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Common-Law Class" or "Texas Class Members").**

69.     The Texas Common-Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Briarwood. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

70.     The Texas Common-Law Class Members provided valuable services for Briarwood, at Briarwood's direction and with Briarwood's acquiescence.

71. Briarwood accepted the Texas Common-Law Class Members' services and benefited from their timely dedication to Briarwood's policies and adherence to Briarwood's schedule.

72. Briarwood was aware that Plaintiff and the Texas Common-Law Class Members expected to be compensated for the services they provided to Briarwood.

73. Briarwood has therefore been benefited from services rendered by Plaintiff and the Texas Common-Law Class Members and Plaintiff and the Texas Common-Law Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

B. **TEXAS COMMON-LAW CLASS ALLEGATIONS**

74. Plaintiff Mertz brings his Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Briarwood to work in Texas since March 29, 2017. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004.

75. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

76. The number of Texas Common-Law Class Members is so numerous that joinder of all class members is impracticable.

77. Plaintiff Mertz's claims and the claims of the Texas Common-Law Class share common questions of law and fact.

78. Plaintiff Mertz is a member of the Texas Common-Law Class, his claims are typical of the claims of the other Texas Common Law Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Texas Common Law Class Members.

79. Plaintiff Mertz and his counsel will fairly and adequately represent the Texas Common Law Class Members and their interests.

80. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

81. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 68.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Briarwood as follows:

a. For an Order certifying the FLSA Collective as defined in Paragraph 37 and requiring Briarwood to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order certifying the Texas Common-Law Class as defined in Paragraph 68, and designating Plaintiff Mertz as Representative of the Texas Common-Law Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Section 16(b) of the FLSA finding Briarwood liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

f. For an Order pursuant to Texas Common Law awarding Plaintiff Mertz and the Texas Common-Law Class Members unpaid wages and other damages allowed by law;

g. For an Order awarding the costs and expenses of this action;

  h. For an Order awarding attorneys' fees;

  i. For an Order awarding pre-judgment, post-judgment and moratory interest at the highest rates allowed by law;

  j. For an Order awarding Plaintiff Mertz a service award as permitted by law;

  k. For an Order compelling the accounting of the books and records of Briarwood, at Briarwood's own expense;

  l. For an Order providing for injunctive relief prohibiting Briarwood from engaging in future violations of the FLSA and Texas state law, and requiring Briarwood to comply with such laws going forward; and

  m. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: March 29, 2021       Respectfully submitted,

             **ANDERSON ALEXANDER, PLLC**

          By: /s/ *Clif Alexander*
             **Clif Alexander**
             Texas Bar No. 24064805
             clif@a2xlaw.com
             **Austin W. Anderson**
             Texas Bar No. 24045189
             austin@a2xlaw.com
             **Lauren E. Braddy**
             Texas Bar No. 24071993
             lauren@a2xlaw.com
             **Alan Clifton Gordon**
             Texas Bar No. 00793838
             cgordon@a2xlaw.com
             **Carter T. Hastings**
             Texas Bar No. 24101879
             carter@a2xlaw.com
             **John D. Garcia**
             Texas Bar No. 24096174
             john@a2xlaw.com
             819 N. Upper Broadway
             Corpus Christi, Texas 78401

Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and the Putative Class Members***